SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
Attorneys for Plaintiff
111 West 57th Street, Suite 1120
New York, NY 10019
(212) 245-4580
Peter S. Shukat, Esq. (PS 8078)
Dorothy M. Weber, Esq. (DW 4734)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FIFTY-SIX HOPE ROAD MUSIC LIMITED

       Plaintiff,

       v.

UMG RECORDINGS, INC.

       Defendant.

-------------------------------------------------------------------X

08 CIV _____

COMPLAINT

Plaintiff, Fifty-Six Hope Road Music Limited (hereinafter referred to as "Hope Road"), by its attorneys, Shukat Arrow Hafer Weber & Herbsman, L.L.P., alleges, upon knowledge with respect to their own acts and upon information and belief with respect to the acts of all others, as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Hope Road is a Bahamian corporation with its principal place of business at Aqua Marine House, Eagle Beach, Nassau Bahamas. It is the successor-in-interest to all of the rights held by the late Robert Nesta Marley ("Bob Marley") in connection with his recording services.

1

2. On information and belief Defendant, The Island Def Jam Music Group, a division of UMG Recordings, Inc., is the successor in interest to Island Records, Inc. ("UMG"), and is a corporation organized and existing under the laws of Delaware, with its principal place of business at 825 Eighth Avenue, New York, New York 10019 and is the successor in interest to a series of agreements with the late Bob Marley, which began in 1972.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

4. Venue properly lies in the District Court of New York pursuant to 28 U.S.C. §1391(a) and (b) in that a substantial part of the events that are the subject matter of this lawsuit occurred and are occurring in this judicial district.

5. Bob Marley is one of the truly great names in the annals of music history. Bob Marley was the Jamaican singer, songwriter and guitarist responsible for introducing the world to reggae music. Marley, known for hits such as "I Shot the Sheriff", "No Woman, No Cry", "Jammin" and "One Love," had the best-selling reggae album ever, with sales of the posthumous album "Legend", which sold more than 12 million copies. The accolades of "superstar" and "visionary" are not hyperbole: Marley was one of the most charismatic performers of all time.

6. In May of 1981, at the age of 36, Marley lost his battle with cancer. His funeral was attended by world leaders, including both the Prime Minister of Jamaica and the Leader of the Opposition. As Marley once said, "music goes on forever". His popularity and legacy have only grown since his death.

7.  The Marley contractual relationship with UMG is in its fourth decade. In 1972, when Bob Marley was an unknown musician from Jamaica, he placed his artistic and professional career in the hands of Island Records, Ltd. (UMG's predecessor) relying upon their ability, expertise, integrity and experience in the music industry.

8.  Bob Marley first recorded for Island Records, Ltd. pursuant to a recording agreement dated August 25, 1972 and subsequent recording agreements, and his recordings are distributed pursuant to a series of amendments to those recording agreements (jointly the "Agreement").

9.  After his untimely death his Estate, and then its successors-in-interest, the Plaintiff continued to maintain the Marley legacy at UMG.

10. The Plaintiff reasonably trusted and had confidence in, and relied upon the integrity of UMG with respect and expectation that UMG would act in Plaintiff's best interest, honestly and in good faith.

11. UMG abused this special relationship with Plaintiff by acting for their own benefit at the expense of Plaintiff.

## COUNT I
### (Breach of Contract Against UMG)

12. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth in full herein.

13. For the period January 1, 2001 to date, UMG has breached their contractual duties under the Agreement by inter alia failing to properly account. The improper accounting includes, but is not limited improperly to taking deductions, using

incorrect royalty calculations, and improperly taking percentages at the source and accounting contrary to express provisions of the Agreement.

14.  UMG has concealed their wrongful acts and breaches and have frustrated the audit process and Plaintiffs' attempts to ascertain the true and proper amount of royalties due to them.

15.  UMG's history, pattern and practice of systematically avoiding their contractual obligations by pervasively and consistently underreporting royalties and by failing to properly account to the Hope Road evinces a high degree of moral culpability.

16.  Accordingly, in addition to contract damages, it is necessary to award punitive damages against UMG in order to deter similar conduct from happening in the future and to punish UMG for their malfeasance and contractual breaches. Ordinary contract damages alone would be insufficient to deter UMG from simply continuing to avoid their contractual obligations in the future.

17.  Plaintiff has performed each and every act required to be performed by them in accordance with the terms and conditions of the relevant agreements.

18.  As the direct and proximate result of defendant UMG's breach of contract, Plaintiff has sustained and will sustain actual damages in an amount to be determined at trial but not less than $1,200,000, together with the appropriate interest thereon, and exemplary and punitive damages.

## COUNT II
### (Breach of Fiduciary Duty)

19.  Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

20.     Plaintiff reasonably had trust and confidence in, and relied upon the integrity of UMG with respect to collecting, accounting for and paying royalties, and furnishing true, accurate and complete royalty statements and maintaining records with respect thereto.

21.     UMG has abused this special relationship with Plaintiff by taking improper deductions for their own benefit at the expense of Plaintiff. Plaintiff relied upon UMG to act honestly and in good faith, but UMG continued their institutionalized practice of underreporting royalties and rendering improper statements and accountings, thereby intentionally harming Plaintiff.

22.     By reason of the foregoing and other acts not yet known to Plaintiff, UMG has breached its fiduciary obligations to Plaintiff and, as a direct and proximate result of UMG's breach of fiduciary obligations, Plaintiff has been damaged in an amount to be provided at trial but not less than $1,200,000, together with exemplary and punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a) On Counts I and II, awarding Plaintiff those sums from UMG breach of contract and fiduciary duty, together with interest thereon; and

(b) that Plaintiff be awarded such other and further relief as justice may require.

Dated:   July 3, 2008
         New York, New York

         SHUKAT ARROW HAFER WEBER
         & HERSMAN, L.L.P.

         By: _____
         Peter S. Shukat, Esq. (PS 8078)
         Dorothy M. Weber (DW 4734)
         Attorneys for Plaintiffs
         111 West 57th Street, Suite 1120
         New York, New York  10019