UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FIFTY-SIX HOPE ROAD MUSIC LIMITED,  :
CEDELLA MARLEY, DAMIAN MARLEY,
DAVID ("ZIGGY") MARLEY, JULIAN        :
MARLEY, KAREN MARLEY, RITA
MARLEY, ROBERT MARLEY, ROHAN          :
MARLEY, STEPHANIE MARLEY AND          Civil Action No.  08 Civ. 6143 (DLC)(KNF)
STEPHEN MARLEY,                       :
                                      **PLAINTIFFS' REQUESTS TO CHARGE**
              Plaintiffs,      :

      -against-                    :

UMG RECORDINGS, INC.,                 :

             Defendant.        :

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs Fifty-Six Hope Road Music Limited, Cedella Marley, Damian Marley, David

("Ziggy") Marley, Julian Marley, Karen Marley, Rita Marley, Robert Marley, Rohan Marley,

Stephanie Marley and Stephen Marley ("Plaintiffs"), by their attorneys Greenberg Glusker Fields

Claman & Machtinger LLP, pursuant to Rule 51, Federal Rules of Civil Procedure, and this

Court's Order of November 4, 2010, respectfully requests the Court to include the following

instructions in its charge to the jury.  Plaintiffs reserve the right to file supplemental and/or

modified requests as may become necessary and appropriate.

Dated: Los Angeles, California.
    January 21, 2011

Respectfully submitted,

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____

Bonnie E. Eskenazi, Bar No. 119401
Ricardo P. Cestero, Bar No. 203230
Rachel Valadez, Bar No. 252415
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067
(310) 553.3610
BEskenazi@GreengergGlusker.com
rcestero@greenbergglusker.com
rvaladez@greenbergglusker.com

Attorneys for Plaintiffs
FIFTY-SIX HOPE ROAD MUSIC
LIMITED, CEDELLA MARLEY,
DAMIAN MARLEY, DAVID ("ZIGGY")
MARLEY, JULIAN MARLEY, KAREN
MARLEY, RITA MARLEY, ROBERT
MARLEY, ROHAN MARLEY,
STEPHANIE MARLEY AND STEPHEN
MARLEY

# PRELIMINARY INSTRUCTIONS

**Request No. 1**

**OPENING INSTRUCTIONS**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The parties who sue are called the plaintiffs.  In this action, the plaintiff*s* are Fifty-Six Hope Road Music Limited, Cedella Marley, Damian Marley, David ("Ziggy") Marley, Julian Marley, Karen Marley, Rita Marley, Robert Marley, Rohan Marley, Stephanie Marley and Stephen Marley.  The party being sued is called the defendant.  In this action, the defendant is UMG Recordings, Inc.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.   Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.   During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature.  If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case.  The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case.  If you are

asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.


**Authority:**     Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, § 101.01 (5th ed. updated 2010); L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-15 (2010).

**Request No. 2**

**CLAIMS AND DEFENSES**

The positions of the parties can be summarized as follows:

Plaintiffs claim that Defendant UMG has breached the agreement dated July 1, 1992 between the parties' predecessors, which has also been referred to as the "1992 Agreement," by failing to account and pay royalties to Plaintiff Fifty-Six Hope Road pursuant to the terms of that agreement.

Specifically, Plaintiffs allege that UMG:

1.      Failed to pay the required percentage of revenue from digital distribution;

2.      Failed to pay the required percentage of revenue from foreign synchronization fees;

3.      Improperly deducted certain alleged foreign income taxes without providing proper documentation;

4.      Improperly deducted alleged television advertising expenses;

5.      Exceeded the limitation on free goods;

6.      Calculated Plaintiff's CD royalties using the incorrect base price; and

7.      Failed to report master use fees for public performances of Marley's recordings.

UMG denies those claims.

UMG also asserts as affirmative defenses that Plaintiff was required to object to UMG's royalty statements within a certain time period, pursuant to clauses known as "incontestability

clauses" in certain contracts between the parties, and failed to do so; and that UMG is entitled to

a setoff for certain royalties it paid retroactively.

**Authority:**     Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, §
101.03 (5th ed. updated 2010).

**Request No. 3**

**WHAT IS AND IS NOT EVIDENCE**


The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may incorporate into a question a statement which assumed certain facts to be true, and ask the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that is stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony is received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I give.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they say to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which are marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may make concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-1 (2010).

**Request No. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

-10-

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-2 (2010).

**Request No. 5**

**JUDICIAL NOTICE**

During the trial, I may take judicial notice of certain facts which are not reasonably in dispute.   You will be required to accept these facts as true in reaching your verdict.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-3 (2010).

**<u>Request No. 6</u>**

**STIPULATION OF FACTS**


A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.


**Authority:**  Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-4 (2010).

**Request No. 7**

**NOTE TAKING BY JURY**

If you want to take notes during the course of the trial, you may do so.  If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.  If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-16 (2010).

**Request No. 8**

**OBJECTIONS AND RULINGS**

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law.  Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.  Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

**Authority:**    Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, § 102.71 (5th ed. updated 2010).

**<u>Request No. 9</u>**

**JUDGE'S QUESTIONS TO WITNESS**

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.  I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**Authority:**    Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, § 102.72(5th ed. updated 2010).

**Request No. 10**

**JUDGE'S COMMENT ON CERTAIN EVIDENCE**


The law permits a federal judge to comment to the jury on the evidence in a case.  Such comments are only expressions of my opinion as to the facts and you may disregard them entirely.  You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

Authority:    Based on Kevin F O'Malley et al., Federal Jury Practice and Instructions, § 102.73 (5th ed. updated 2010).

**Request No. 11A**

**BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE (English or NY Law)**

Except where I specifically instruct you to the contrary, the burden of proof on Plaintiffs' claims rests on the Plaintiffs.  That means that it must be established by a fair preponderance of the credible evidence that the claims Plaintiffs make are true.  The credible evidence means the testimony or exhibits that you find to be worthy to be believed.  A preponderance of the evidence means the greater part of such evidence.  That does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds.  The law requires that in order for the Plaintiffs to prevail on a claim, the evidence that supports their claim must appeal to you as more nearly representing what took place than the evidence opposed to their claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the Defendant.  It is only if the evidence favoring the Plaintiffs' claim outweighs the evidence opposed to it that you can find in favor of Plaintiffs.

You are not bound to decide any issue of fact based upon the number of witnesses if those witnesses do not produce, in your minds, a belief in the likelihood of truth. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but rather which witnesses, and which evidence, appeal to your minds as being most accurate, and otherwise trustworthy. The testimony of a single witness which produces, in your minds, a belief in the likelihood of truth is sufficient to prove any fact, and would justify a verdict in

accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence, you hold greater belief in the accuracy and reliability of that one witness.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

Likewise, the burden of proof on Defendant's affirmative defenses rests on Defendant. For you to accept any of Defendant's specific affirmative defenses, Defendant must establish a defense by the preponderance of the evidence.

**Authority:**  Based on New York Pattern Jury Instruction ("PJI") 1:23; L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 73-2 (2010).  *See* Kevin F. O'Malley, Jay E. Grenig & The Honorable William C. Lee, Federal Jury Practice and Instructions §§ 104.54, 105.01 (5th ed. 2000).

**Request No. 11B**

**BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE (California Law)**

Ordinarily the burden of proof on a plaintiff's claim rests on the plaintiff.  However, because this is a profit-sharing case where the essential financial records are in the exclusive control of the defendant, Plaintiffs must only prove that there was a contract between them and Defendant; that Plaintiffs performed their obligations; and that Plaintiffs were damaged.  The burden of proof on the element of Defendant's breach of contract shifts to Defendant, to prove that it has fulfilled its payment obligations to Plaintiffs pursuant to their contracts.

When a party bears the burden of proof, it must be established by a fair preponderance of the credible evidence that the claims that party makes are true.  The credible evidence means the testimony or exhibits that you find to be worthy to be believed.  A preponderance of the evidence means the greater part of such evidence.  That does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds.

The law requires that in order for the Plaintiffs to prevail on their claims, the evidence that supports the elements on which they bear the burden must appeal to you as more nearly representing what took place than the evidence opposed to their claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the Defendant.  It is only if the evidence favoring the Plaintiffs' claim outweighs the evidence opposed to it that you can find in favor of Plaintiffs.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

You are not bound to decide any issue of fact based upon the number of witnesses if those witnesses do not produce, in your minds, a belief in the likelihood of truth. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but rather which witnesses, and which evidence, appeal to your minds as being most accurate, and otherwise trustworthy. The testimony of a single witness which produces, in your minds, a belief in the likelihood of truth is sufficient to prove any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence, you hold greater belief in the accuracy and reliability of that one witness.

The burden of proof on Defendant's affirmative defenses rests on Defendant.  For you to accept any of Defendant's specific affirmative defenses, Defendant must establish a defense by the preponderance of the evidence.

**Authority:**  Based on New York Pattern Jury Instruction ("PJI") 1:23; L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 73-2 (2010); *Wolf v. Superior Court,* 104 Cal.App.4th 25 (2003).  *See* Kevin F. O'Malley, Jay E. Grenig & The Honorable William C. Lee, Federal Jury Practice and Instructions §§ 104.54, 105.01 (5th ed. 2000).

**<u>Request No. 12</u>**

**BENCH CONFERENCES**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.  Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary.  I apologize for any inconvenience and I will do what I can to limit the number and length of these conferences.

**Authority:**    Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, § 102.02 (5th ed. updated 2010).

**Request No. 13**

**ORDER OF TRIAL**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of Plaintiffs' claims and the defendant's lawyer may cross-examine the witnesses.  At the conclusion of the plaintiffs' case, the defendant may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses.  If the defendant introduces evidence, the plaintiffs may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

**Authority:**    Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, § 101.02 (5th ed. updated 2010).

**Request No. 14**

**CAUTIONARY INSTRUCTION BEFORE FIRST RECESS**


We are about to take our first recess *[break]*.  I want to remind you of the instructions I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else.  You may not permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial.  If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further.  The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination.  The report may emphasize an unimportant point or may simply be wrong.  You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the *[marshal] [bailiff] [clerk] [law clerk]* to give to me.


**Authority:**    Based on Kevin F O'Malley et al., *Federal Jury Practice and Instructions*, §102.01 (5th ed. updated 2010).

**FINAL INSTRUCTIONS**

**Request No. 15**

**JUROR ATTENTIVENESS**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-1 (2010).

## Request No. 16

## ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-2 (2010).

**Request No. 17**

**ROLE OF THE JURY**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said-or what I may say in these instructions-about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiffs or defendant has proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.

You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-3 (2010).

**<u>Request No. 18</u>**

**JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-4 (2010).

**Request No. 19**

**JURY TO DISREGARD COURT'S VIEW**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-5 (2010).

**<u>Request No. 20</u>**

**CONDUCT OF COUNSEL**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-6 (2010).

**Request No. 21**

**REPRIMAND OF COUNSEL FOR MISCONDUCT**

During the course of the trial, I may have had to admonish or reprimand an attorney because I did not believe what he was doing was proper.  You should draw no inference against him or his client.  It is the duty of the attorneys to offer evidence and press objections on behalf of their side.  It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary.  But you should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-7 (2010).

**Request No. 22**

**IMPROPER CONSIDERATIONS – SYMPATHY, RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE**

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a verdict, regardless of the consequences.

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence, considered in light of my instructions concerning the applicable law..

In reaching your decision, it would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Similarly, it would be improper for you to allow any feelings you might have about the nature of this case to interfere with your decision-making process. To reiterate, your verdict must be based exclusively upon the evidence or the lack of evidence in the case. All persons are equal before the law, of equal worth and station in life, and each party is therefore entitled to the same fair and conscientious consideration by you as any other party.

Authority:     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 71-8 (2010). *See* Kevin F. O'Malley, Jay E. Grenig & The Honorable William C. Lee, Federal Jury Practice and Instructions §103.11 (5th ed. 2000).

**<u>Request No. 23</u>**

**CORPORATE PARTIES**

In this case, one of the plaintiffs, and the defendant, are corporate entities.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

When a corporation is involved in a case, you should take into consideration that it may only act through natural persons as its agents or employees.  In general, any agent or employee of a corporation may bind that corporation by acts or declarations made by that agent or employee while acting within the scope of authority delegated to him or her by the corporation, or within the scope of his or her duties as an employee or agent of the corporation.

Authority:     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 72-1 (2010). *See* Kevin F. O'Malley, Jay E. Grenig & The Honorable William C. Lee, Federal Jury Practice and Instructions §103.14 (5th ed. 2000).

**Request No. 24**

**WHAT IS AND IS NOT EVIDENCE**

At the beginning of this trial I told you that the evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

You may recall the famous example of a lawyer's question of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-1 (2010).

**<u>Request No. 25</u>**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-2 (2010).

**<u>Request No. 26</u>**

**JUDICIAL NOTICE**

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

Specifically, the Court has decided to accept as true that _____.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-3 (2010).

## **Request No. 27**

## **STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-4 (2010).

**Request No. 28**

**SUMMARIES AND CHARTS ADMITTED AS EVIDENCE**

The plaintiff (*or* defendant) has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

**Authority:**   Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-11 (2010).

## Request No. 29

### SUMMARIES AND CHARTS NOT ADMITTED AS EVIDENCE

Some charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-11 (2010).

## Request No. 30

## ANSWERS TO INTERROGATORIES

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions.  You may only consider the interrogatory answer as evidence against the party who gave the answer.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-13 (2010).

**Request No. 31**

**DEPOSITIONS -- USE AS EVIDENCE**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-14 (2010).

**<u>Request No. 32</u>**

**REQUESTS FOR ADMISSION**

You have heard evidence in the form of certain "requests for admission" submitted by the plaintiff (*or* defendant).  Requests for admission are written statements of fact submitted by one party prior to trial to the opposing party.  The opposing party has a certain amount of time in which to respond to the requests, knowing that his failure to respond within that time will be deemed equivalent to his admitting the truth of the statements contained in the requests.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 74-15 (2010).

**<u>Request No. 33</u>**

**INFERENCE DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw-but not required to draw-from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 75-1 (2010).

**<u>Request No. 34</u>**

**UNCALLED WITNESS NOT EQUALLY AVAILABLE**

You have heard evidence about a witness who has not been called to testify.  Counsel for plaintiff (*or* defendant) has argued that this witness could have given material testimony in this case, and that the defendant (*or* plaintiff) was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the defendant, and that defendant was in the best position to produce this witness, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether this witness's testimony would merely have repeated other testimony and evidence already before you.  You may also consider whether the defendant had a reason for not calling this witness which was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 75-3 (2010).

**Request No. 35**

**UNCALLED WITNESS EQUALLY AVAILABLE**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called.  Their absence should not affect your judgment in any way.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 75-4 (2010).

**Request No. 36**

**PARTY'S FAILURE TO PRODUCE EVIDENCE**

You have heard testimony about evidence which has not been produced.  Counsel for plaintiffs has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy.

If you find that the defendant could have produced the evidence, and that the evidence was within its control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you.  You may also consider whether the defendant had a reason for not producing this evidence, which was explained to your satisfaction.  Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 75-7 (2010).

**Request No. 37**

**WITNESS CREDIBILITY**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  (*If applicable:*  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his

intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 76-1 (2010).

**<u>Request No. 38</u>**

**BIAS**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 76-2 (2010).

**Request No. 39**

**DISCREPANCIES IN TESTIMONY**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself.  It is also a fact that two people witnessing an event will see or bear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 76-4 (2010).

**Request No. 40**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

(If warranted)

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 76-5 (2010).

## Request No. 41A

## BREACH OF CONTRACT (California Law)

I will now instruct you concerning the various specific claims which Plaintiffs have asserted.  Plaintiff Fifty-Six Hope Road alleges that UMG has breached the agreement dated July 1, 1992 between the parties' predecessors, which has also been referred to as the "1992 Agreement," by failing to account and pay royalties to Plaintiff pursuant to the terms of that agreement.

Specifically, Plaintiff alleges that UMG:

1.      Failed to pay the required percentage of revenue from digital distribution;

2.      Failed to pay the required percentage of revenue from foreign synchronization fees;

3.      Improperly deducted certain alleged foreign income taxes without providing proper documentation;

4.      Improperly deducted alleged television advertising expenses;

5.      Exceeded the limitation on free goods;

6.      Calculated Plaintiff's CD royalties using the incorrect base price; and

7.      Failed to report master use fees for public performances of Marley's recordings.

To establish its claim, Plaintiff Fifty-Six must prove that the 1992 Agreement required UMG to account for and pay Plaintiff a share of income generated by sales of Marley's recordings; that Plaintiff performed its obligations under the agreement; and that as a  result of

UMG's breach, Plaintiff suffered damages.  Because this is a profit participation case, Defendant must prove that it has properly paid Plaintiff pursuant to the 1992 Agreement.

If you conclude that UMG has failed to properly pay Plaintiff for income received from sales of Marley's recordings, you should find for Plaintiff on this claim.

**Authority**:     *Wolf v. Superior Court,* 107 Cal.App.4th 25 (2003); *Lortz v. Connell*, 273 Cal.App.2d 286, 290 (1969).

**<u>Request No. 41B</u>**

**BREACH OF CONTRACT (NY Law)**

I will now instruct you concerning the various specific claims which Plaintiffs have asserted.  Plaintiff Fifty-Six Hope Road alleges that UMG has breached the agreement dated July 1, 1992 between the parties' predecessors, which has also been referred to as the "1992 Agreement," by failing to account and pay royalties to Plaintiff pursuant to the terms of that agreement.

Specifically, Plaintiff alleges that UMG:

1.      Failed to pay the required percentage of revenue from digital distribution;

2.      Failed to pay the required percentage of revenue from foreign synchronization fees;

3.      Improperly deducted certain alleged foreign income taxes without providing proper documentation;

4.      Improperly deducted alleged television advertising expenses;

5.      Exceeded the limitation on free goods;

6.      Calculated Plaintiff's CD royalties using the incorrect base price; and

7.      Failed to report master use fees for public performances of Marley's recordings.

To establish its claim, Plaintiff Fifty-Six must prove that the 1992 Agreement required UMG to account for and pay Plaintiff a share of income generated by sales of Marley's recordings; that Plaintiff performed its obligations under the agreement; that UMG breached the

agreement by failing to properly account for and pay royalties to Fifty-Six; and that as a  result of

UMG's breach, Fifty-Six suffered damages.

**Authority**:   *JP Morgan Chase v. J.H. Elec. of NY, Inc.*, 893 N.Y.S.2d 237 (2010); *Furia v. Furia,* 116 A.D. 2d 694 (2d Dep't 1986); *Ascoli v Lync*h, 2 A.D.3d 553, 769 N.Y.S.2d 567 (2d Dep't 2003) (citing N.Y. Pattern Jury Instr., Civil 4:1).

## Request No. 41C

## BREACH OF CONTRACT (English Law)

I will now instruct you concerning the various specific claims which Plaintiffs have asserted.  Plaintiff Fifty-Six Hope Road ("Fifty-Six") alleges that UMG has breached the agreement dated July 1, 1992 between the parties' predecessors, which has also been referred to as the "1992 Agreement," by failing to account for and pay royalties to Plaintiff pursuant to the terms of that agreement.

Specifically, Plaintiff alleges that UMG:

1.     Failed to pay the required percentage of revenue from digital distribution;

2.     Failed to pay the required percentage of revenue from foreign synchronization fees;

3.     Improperly deducted certain alleged foreign income taxes without providing proper documentation;

4.     Improperly deducted alleged television advertising expenses;

5.     Exceeded the limitation on free goods;

6.     Calculated Plaintiff's CD royalties using the incorrect base price; and

7.     Failed to report master use fees for public performances of Marley's recordings.

To establish its claim, Plaintiff Fifty-Six must prove that the 1992 Agreement was a valid agreement between the parties and that UMG failed to properly account for and pay royalties to

Fifty-Six under the terms of the 1992 Agreement.

**Authority**:     *Photo Production Ltd v.  Securicor Transport Ltd* [1980] A.C. 827 (H.L.) *Treitel on the Law of Contract*; *Marzetti v. Williams* [1830] 109 E.R. 842 (C.A.).

**Request No. 42A**

**CONTRACT INTERPRETATION (California Law)**

The parties dispute the meaning of various provisions in the 1992 Agreement. Considering the evidence presented of the parties' intent at the time the 1992 Agreement was negotiated, as well as the circumstances surrounding the negotiation and execution of that agreement, you must determine the proper interpretation of those disputed terms.  In making this decision, you should consider the following principles:

1.      Contracts must be interpreted so as to give effect to the parties' mutual, expressed intent as it existed at the time the contract was formed.

2.      You must view the language in light of the instrument as a whole so as give effect to every provision in a contract.  An interpretation which renders part of the instrument to be meaningless should be avoided.

3.      Where a specific provision and a general provision of a contract are in conflict, the specific controls over the general.

4.      The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed.

**Authority:**     Cal. Civ. Code § 1636; *City of El Cajon v. El Cajon Police Offices Ass'n.*, 49 Cal.App.4th 64, 71 (1996); *Yount v. Acuff Rose-Opryland*, 103 F.3d 830 (9th Cir. 1996); *Ticor Title Ins. Co. v. Rancho Santa Fe Assn.*  177 Cal.App.3d 726, 730 (Cal.App. 4 Dist., 1986); *National Ins. Underwriters v. Carter* 17 Cal.3d 380, 386 (Cal. 1976); Cal. Civ. Code, § 3534; Cal. Civ. Code § 1644; *Reliance Life Ins. Co. of Pittsburgh v. Jaffe*, 121 Cal.App.2d 241 (Cal. Ct. App. 1953).

**Request No. 42B**

**CONTRACT INTERPRETATION (NY Law)**

The parties dispute the meaning of various provisions in the 1992 Agreement. Considering any evidence presented of circumstances existing when the contract was entered into; conversations, negotiations and agreements made prior to or contemporaneously with the contract and relating to its subject matter; evidence of the purpose or object of the contract or a specific provision; or industry custom and usage, you must determine the proper interpretation of those disputed terms.  In making this decision, you should consider the following principles:

1.     The primary objective of contract interpretation is to give effect to the parties' intent.

2.     You must consider the entire contract as a whole, attempting to harmonize all of its terms so as to give effect to its primary purpose.

3.     You should attempt to reconcile any apparently conflicting provisions in order to give effect to all provisions of the contract.

4.     As a general rule, plain and unambiguous language will be given its ordinary meaning and effect.


**Authority:**     *Korff v. Corbett*, 794 N.Y.S.2d 374 (2005); *Smith v. Smith*, 102 N.Y.S.2d 584 (1951); *Winston v. Mezzanine Investments, L.P.,* 648 N.Y.S.2d 493 (1996); *Welsbach Elec. Corp. v. MasTec North America, Inc.*, 7 N.Y. 3d 624, 629, 825 N.Y.S.2d 692, 859 N.E.2d 498 (2006); *R/S Associates v. New York Job Development Authority*, 98 N.Y.2d 29, 32, 744 N.Y.S.2d 358, 771 N.E.2d 240 (2002); *South Road Associates, LLC v. Intern. Business Machines Corp*., 4 N.Y.3d 272, 277, 793 N.Y.S.2d 835, 826 N.E.2d 806 (2005); *Westmoreland Coal Co. v. Entech, Inc.*, 100 N.Y.2d 352, 358, 763 N.Y.S.2d 525, 794 N.E.2d 667 (2003); *Village of Hamburg v. American Ref-Fuel Co. of Niagara, L.P*., 284 A.D.2d 85, 89, 727 N.Y.S.2d 843 (4th Dep't 2001); *Mir v. Mir*, 135 A.D.2d 690, 691, 522 N.Y.S.2d 590 (2d Dep't 1987); *James v. Jamie Towers Housing Co., Inc*., 294 A.D.2d 268, 743 N.Y.S.2d 85, 88 (1st Dep't 2002); *Commercial Union Ins. Co.v . Flagship Marine Services, Inc*., 190 F.3d 26, 33 (1999); *Zolotar v. New York Life Ins. Co*., 172 A.D.2d 27, 30, 576 N.Y.S.2d 850 (1st Dep't 1991).

**Request No. 42C**

**CONTRACT INTERPRETATION (English Law)**

The parties dispute the meaning of various provisions in the 1992 Agreement. Considering any evidence presented of circumstances existing when the contract was entered into; evidence of the purpose or object of the contract or a specific provision, you must determine the proper interpretation of those disputed terms.  In making this decision, you should consider the following principles:

1.      The object of contract interpretation is to discover the common intention of the parties.

2.      You should attempt to give effect to every part of the agreement, harmonizing different provisions.

3.      In the event different parts of the agreement are inconsistent, you must give effect to that part which will carry out the real intention of the parties

4.      Words in a contract must be viewed in the ordinary sense and meaning, unless there is evidence that the parties mutually intended the meaning to be different than the ordinary meaning.

**Authority:**     *Parkhurst v. Smith* [1741] 125 E.R. 1197 (Willes, C.J.); *Marquis of Cholmondeley v. Clinton* [1820] 37 E.R. 527 (H.L.); *Throcmerton v. Tracey* [1585] 1 Plow 145; *Re Strand Music Hall Music Company* [1865] 55 E.R. 853 (Sir Romily, M.R.); *Northeastern Ry v. Hastings* [1900] A.C. 260 (H.L.); *Walker v. Giles* [1860] 6 C.B. 662 (Wilde, C.J.); *JA Chapman & Co v. Kadirga Denizcilik ve Ticaret AS* [1998] C.L.C. 860 (C.A.); *J Evans & Son (Portsmouth) v. Andrea Merzario* [1976] 1 W.L.R. (C.A.); *BP Exploration v. Kvaerner Oilfield Production* [2004] EWHC 999 (Coleman, J.).

**Request No. 43A**

**AFFIRMATIVE DEFENSE – CONTRACTUAL LIMITATIONS (California Law)**

Defendant asserts as a defense that Plaintiff Fifty-Six Hope Road was required to object to Defendant's royalty statements within a certain time period, pursuant to clauses known as "incontestability clauses" in certain contracts between the parties.  In order for Defendant to prevail on this defense, it must prove by a preponderance of the evidence: (1) that a particular contract with an incontestability clause applies to a particular royalty statement; (2) that Plaintiff failed to object to that particular royalty statement within three years after discovering the basis for the objection; and (3) that a portion of Plaintiffs' damages are based on that particular royalty statement.  If Defendant fails to satisfy any of these required elements, it affirmative defense fails.

**Authority**:    *Weatherly v. Universal Music Pub. Group*, 125 Cal.App.4th 913, 919 (2004).

**<u>Request No. 43B</u>**

**AFFIRMATIVE DEFENSE – CONTRACTUAL LIMITATIONS (NY Law)**


Defendant asserts as a defense that Plaintiff Fifty-Six Hope Road was required to object to Defendant's royalty statements within a certain time period, pursuant to clauses known as "incontestability clauses" in certain contracts between the parties.  Because Defendant UMG is Plaintiff Fifty-Six's fiduciary with respect to its accounting for and payment of royalties, UMG was required to place Fifty-Six's interests above its own in connection with the royalty statements it issued to Fifty-Six.  Accordingly, in order for Defendant to prevail on its contractual limitations defense, it must prove by a preponderance of the evidence: (1) that a particular contract with an incontestability clause applies to a particular royalty statement; (2) that Plaintiff failed to object to that particular royalty statement within three years after discovering the basis for the objection; and (3) that a portion of Plaintiffs' damages are based on that particular royalty statement.  If Defendant fails to satisfy any of these required elements, it affirmative defense fails.


**Authority**:    *Kaufman v. Cohen*, 307 A.D. 2d 113, 119-120 (N.Y. App. Div. 2003) (quoting *Swersky v. Dreyer & Traub*, 219 A.D. 2d 321, 326 (N.Y. App. Div. 1996)).

**Request No. 43C**

**AFFIRMATIVE DEFENSE – CONTRACTUAL LIMITATIONS (English Law)**

Defendant asserts as a defense that Plaintiff Fifty-Six Hope Road was required to object to Defendant's royalty statements within a certain time period, pursuant to clauses known as "incontestability clauses" in certain contracts between the parties.  Because Defendant UMG is Plaintiff Fifty-Six's fiduciary with respect to its accounting for and payment of royalties, UMG was required to place Fifty-Six's interests above its own in connection with the royalty statements it issued to Fifty-Six.  Accordingly, in order for Defendant to prevail on its contractual limitations defense, it must prove by a preponderance of the evidence: (1) that a particular contract with an incontestability clause applies to a particular royalty statement; (2) that Plaintiff failed to object to that particular royalty statement within three years after discovering the basis for the objection; and (3) that a portion of Plaintiffs' damages are based on that particular royalty statement.  If Defendant fails to satisfy any of these required elements, it affirmative defense fails.

**Authority**:    *Elton John & Others v. Richard Leon James & Others* [1991] F.S.R. 397 (Ch.); *Peco Arts Inc v. Hazlitt Gallery Ltd* [1983] W.L.R. 1315 (Webster, J.); s.32(2) Limitation Act 1980.

**Request No. 45**

**AFFIRMATIVE DEFENSE -- SETOFF**


Defendant asserts as a defense that to the extent there has been any underpayment on royalties due, Defendant is entitled to a setoff for other royalties it has overpaid to plaintiffs.  To be entitled to a setoff, Defendant bears the burden of proving that Plaintiff is entitled to less royalties in a particular category than what Defendant has paid to-date.  Defendant also bears the burden of proving the amount of any such overpayment.


**Authority**:      *Koret, Inc. v. Christian Dior, S.A.,* 554 N.Y.S.2d 867 (1990).

**Request No. 47**

**BREACH OF CONTRACT DAMAGES -- BENEFIT OF BARGAIN**


        If you decide that Plaintiff has proved its claim against UMG for breach of contract, you

also must decide how much money will reasonably compensate Plaintiff for the harm caused by

the breach or breaches.  This compensation is called "damages." The purpose of such damages is

to put Plaintiff in as good a position as it would have been if UMG had performed as promised

under the contract.


**Authority**:    *Brown v. Lockwood*, 76 A.D.2d 721 (1980); *Robinson -v- Harman*  [1848] 154
E.R. 363 (C.A); *New West Charter Middle School v. Los Angeles Unified School Dist.*, 187
Cal.App.4th 831, 844 (Cal. Ct. App. 2010).

## Request No. 48

### BREACH OF CONTRACT DAMAGES -- UNCERTAINTY AS TO AMOUNT

Where it is clear that a plaintiff has suffered injury as a result of defendant's breach of contract, the fact that there is an element of uncertainty as to the precise amount of damages will not preclude recovery.  Plaintiff is not required to prove its damages with mathematical certitude. You should consider all the facts and circumstances of the case having any tendency to show damages or their probable amount, and make the most intelligible and accurate estimate which the nature of the case will permit.

**Authority**:     *Duane Jones Co. v. Burke*, 306 N.Y. 172 (1954); *Borne Chemical Co., Inc. v. Dictrow*, 445 N.Y.S.2d 406 (1981); *Tobin v. Union News Co.,* 239 N.Y.S.2d 22 (1963); *Murphy v. Lischitz*, 49 N.Y.S.2d 439 (1944); *GHK Associates v. Mayer Group, Inc.*, 224 Cal.App.3d 856, 873 (Cal Ct. App. 1991).

**Request No. 49**

**RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony--in fact any communication with the court-- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 78-1 (2010).

**<u>Request No. 50</u>**

**DUTY TO DELIBERATE/UNANIMOUS VERDICT**

You will now return to decide the case.  In order to prevail, the plaintiff or defendant must sustain its burden of proof as I have explained to you with respect to each element of the claim or affirmative defense.  If you find that the plaintiffs have succeeded, you should return a verdict in their favor on that claim.  If you find that the plaintiffs failed to sustain the burden on any element of any claim, you should return a verdict against the plaintiffs on that claim. Similarly, if you find that the defendant has failed to sustain its burden with respect to any element of any of the defendant's affirmative defenses, you must return a verdict against the defendant on that defense.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 78-3 (2010).

**Request No. 51**

**DEADLOCK CHARGE; REACHING AGREEMENT**

This case is important for the plaintiff and for the defendant.  Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors.  Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect.  However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 78-4 (2010).

**Request No. 52**

**SELECTION OF FOREPERSON**

When you retire, you should elect one member of the jury as your foreperson.  That

person will preside over the deliberations and speak for you here in open court.

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 78-5 (2010).

**Request No. 53**

**RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**Authority:**    Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 78-6 (2010).

**Request No. 54**

**SPECIAL VERDICT**

I have prepared a special verdict form for you to use in recording your decision.  The special verdict form is made up of questions concerning the important issues in this case.  These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question (except where the verdict form indicates otherwise).

**Authority:**     Based on L. Sand et. al., *Modern Federal Jury Instructions,* Instr. 78-9 (2010).