```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FIFTY-SIX HOPE ROAD MUSIC LTD., CEDELLA  :
MARLEY, DAVID MARLEY, JULIAN MARLEY,     :
KAREN MARLEY, RITA MARLEY, ROHAN         :   08 Civ. 6143 (DLC)
MARLEY,                                  :
STEPHEN MARLEY, DAMIAN MARLEY,           :   OPINION & ORDER
STEPHANIE MARLEY, and ROBERT MARLEY,     :
                         Plaintiffs,     :
                                         :
               -v-                       :
                                         :
UMG RECORDINGS, INC.,                    :
                         Defendant.      :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiffs:
Bonnie E. Eskenazi
Ricardo P. Cestero
Rachel Valadez
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

For Defendant:
Andrew H. Bart
Joseph J. McFadden
M. Mitchell Oates
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

DENISE COTE, District Judge:

   This Opinion addresses motions in limine in an action to recover unpaid royalties on the sound recordings of the Jamaican reggae artist Bob Marley. The plaintiffs are Marley's widow and children and their wholly-owned company, Fifty-Six Hope Road Music Ltd. ("Fifty-Six"); their royalty accounting claims

concern the interpretation of a 1992 master agreement governing the defendant UMG Recordings, Inc. ("UMG") rights to the Marley recordings.

On January 21, 2011, plaintiffs filed motions in limine for an order (1) prohibiting the defendant UMG from offering evidence regarding its distribution agreements with third parties; (2) excluding evidence regarding the depressed financial state of the music industry; (3) excluding evidence regarding the administration of the Marley estate; (4) precluding evidence allegedly withheld during discovery of UMG's relationships with foreign distributors; its foreign withholding taxes; its excess free goods; its television advertising expenses; and a 2002 audit; (5) precluding UMG from arguing at trial that Paragraph 2 of the July 1, 1992 Agreement (the "1992 Agreement") between the parties governs royalties on digital downloads; (6) precluding UMG from arguing at trial that the 1992 Agreement permits it to pay royalties on digital downloads on a net receipts basis; and (7) precluding UMG from offering the testimony of an accountant as an expert witness.

Plaintiffs' motions to exclude the distribution agreements, evidence regarding the state of the music industry, and evidence regarding the administration of the Marley estate are granted. Plaintiffs' motion to preclude the introduction of evidence allegedly withheld by UMG during discovery is granted in part.

Plaintiffs' motions to preclude UMG from arguing for the application of Paragraph 2 of the 1992 Agreement, to preclude UMG from arguing for payment on a net receipts basis, and to preclude UMG from offering expert testimony are denied.

1. Plaintiffs' Motion to Exclude Evidence of Distributor Agreements

The plaintiffs move to preclude UMG from introducing evidence of its distributorship agreements with third parties. UMG represents that it does not intend to introduce any distribution agreements at trial. Accordingly, the plaintiffs' motion is granted.

2. Plaintiffs' Motion to Exclude Evidence of the State of the Music Industry

The plaintiffs move to preclude UMG from offering evidence regarding the depressed financial state of the music industry. As UMG asserts that it does not intend to offer such evidence, the motion is granted.

3. Plaintiffs' Motion to Exclude Evidence of the Administration of the Marley Estate

The plaintiffs move to preclude UMG from introducing evidence regarding the administration of the Marley estate. UMG

contends that it does not intend to offer such evidence as part of its affirmative case and that its only value may be for impeachment or rebuttal purposes. Accordingly, this motion is granted.

4. Plaintiffs' Motion to Exclude Evidence Allegedly Withheld During Discovery

The plaintiffs move to preclude UMG from introducing at trial certain categories of documents and evidence relating to these documents which the plaintiffs claim were withheld by UMG and not produced during discovery despite the plaintiffs' requests. Plaintiffs seek to exclude the following: (1) UMG's agreements with foreign affiliates or third-party overseas distributors; (2) evidence relating to UMG's deduction of foreign withholding taxes; (3) the number of Bob Marley units given away as "free goods" by UMG; (4) UMG's television advertising expenditures related to Bob Marley's music; and (5) a 2002 audit report produced by UMG on January 14, 2011.

a. UMG's Agreements with Foreign Affiliates

UMG asserts that it will not be offering its agreements with foreign affiliates or third-party distributors at trial. Accordingly, the motion is granted. To the extent that plaintiffs seek to bar UMG from pursuing its legal theory that

4

Paragraph 11 of the 1992 Agreement refers only to the "receipts" of UMG, and not the "receipts" of UMG's overseas affiliates or distributors, the motion is denied.

b.  Deduction of Foreign Withholding Taxes

The plaintiffs assert that UMG failed to produce documents relating to the withholding of foreign taxes.  UMG explains that the plaintiffs have shifted their theory of recovery related to foreign taxes.  During discovery, the plaintiffs explored whether UMG took a tax credit or received a refund that would entitle plaintiffs to additional money.  Discovery indicated that no additional money was owed under this theory.  As a consequence, the plaintiffs now seek to pursue a new theory on which they never sought discovery.  The plaintiffs have had ample opportunity to pursue discovery and to raise any discovery dispute with the Court.  Since they did not bring the alleged failure to produce an entire category of documents to the Court's attention, the motion is denied.

c.  Free Goods

The plaintiffs assert that the documents produced by UMG in response to their request for documents "identifying the number of . . . free goods" are not sufficient to establish the ratio of free goods to sold goods.  UMG responds that it produced a

number of documents and that plaintiffs failed to raise any complaint either with UMG or with the Court. As the plaintiffs do not assert that they raised this issue with UMG or the Court, despite having numerous opportunities to do so, the motion is denied.

d. Advertising Expenditures

The plaintiffs contend that UMG's production of documents showing its deductions from royalties for television advertising expenditures was incomplete because UMG did not produce documents dated prior to 2005. Any claim for unpaid royalties prior to 2005 is barred by the three-year incontestability provision, as noted in the Court's Opinion addressing UMG's motions in limine. Therefore, the motion is moot.

e. 2002 Audit Report

The plaintiffs argue that UMG failed to produce the 2002 Audit Report until January 14, 2011, during the deposition of plaintiffs' accountant Charles Perry ("Perry"). UMG has shown that it intends to use the document, if at all, to impeach Perry. Accordingly, it had no duty to produce the document prior to trial and the motion to preclude this document is denied.

6

5.  Plaintiffs' Motion to Preclude UMG from Arguing that Paragraph 2 of the 1992 Agreement Governs Royalties on Digital Downloads

The plaintiffs move to preclude UMG from offering testimony to support its argument that Paragraph 2 of the 1992 Agreement, and not Paragraph 11, governs royalties on digital downloads. The motion is denied.

The Court found in its summary judgment opinion that the language of the 1992 Agreement was ambiguous as to whether Paragraph 2 or Paragraph 11 applies to digital downloads. See Fifty-Six Hope Road Music Ltd. et al. v. UMG Recordings, Inc., No. 08 Civ. 6143 (DLC), 2010 WL 3564258, at *12 (S.D.N.Y. Sept. 10, 2010) (hereinafter the "September 10 Opinion"). Under New York law,[1] extrinsic evidence may be used to shed light on the parties' intent in drafting the contract where the Court has determined that the contract language is ambiguous. AP Energy Servs. Gas Holding Co v. Bank of America, N.A., 626 F.3d 699, 729 n.14 (2d Cir. 2010). Therefore, the parties are entitled to present extrinsic evidence that bears on the interpretation of the 1992 Agreement. This includes testimony from individuals who did not directly participate in the drafting of the 1992

---

[1] By Order of February 28, the Court held that New York law governs the interpretation of the 1992 Agreement.

Agreement, for example, to shed light on industry custom and practice.

6. Plaintiffs' Motion to Preclude Argument that the 1992 Agreement Allows UMG to Pay Royalties on a Net Receipts Basis

The plaintiffs move to preclude UMG from arguing at trial that the 1992 Agreement permits it to calculate royalties on a net receipts basis.  The motion is denied.  Because the September 10 Opinion found the 1992 Agreement ambiguous as to whether Paragraph 2 or 11 governed digital downloads, UMG may present evidence and argue that the 1992 Agreement permits payment of royalties on its net, rather than gross, receipts for digital downloads.

7. Plaintiffs' Motion to Preclude Expert Testimony

The plaintiffs move to preclude UMG from examining one of plaintiffs' witnesses, Perry, regarding certain topics on which UMG examined him during his deposition, principally on the ground that the testimony is in the nature of an expert opinion. The motion is denied.

The testimony identified by the plaintiffs as being improper expert opinion is permissible impeachment of a witness that is expected to relate to the matters Perry will discuss in his direct testimony.  It relates <u>inter</u> <u>alia</u> to Perry's personal

8

experience in conducting royalty investigations relating to payments for digital downloads. Perry also testified regarding written materials that he produced for a seminar on royalty accounting. This and other testimony can properly be used by UMG to examine Perry on the consistency of his methodology in conducting royalty investigations. Accordingly, the motion is denied.

## CONCLUSION

Plaintiffs' motions to exclude the distribution agreements, evidence regarding the state of the music industry, and evidence regarding the administration of the Marley estate are granted. Plaintiffs' motion to preclude the introduction of evidence allegedly withheld by UMG during discovery is granted in part. Plaintiffs' motions to preclude UMG from arguing for the application of Paragraph 2 of the 1992 Agreement, to preclude UMG from arguing for payment on a net receipts basis, and to preclude UMG from offering expert testimony are denied.

SO ORDERED:

Dated:   New York, New York
         August 31, 2011

_____
DENISE COTE
United States District Judge