```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
FIFTY-SIX HOPE ROAD MUSIC LTD., CEDELLA :
MARLEY, DAVID MARLEY, JULIAN MARLEY, :
KAREN MARLEY, RITA MARLEY, ROHAN    :      08 Civ. 6143 (KBF)
MARLEY, STEPHEN MARLEY, DAMIAN MARLEY, :
STEPHANIE MARLEY, and ROBERT MARLEY, :     MEMORANDUM & ORDER
                                    :
                    Plaintiffs,     :
                                    :
        -v-                         :
                                    :
UMG RECORDINGS, INC.,               :
                    Defendant.      :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11 . 16 . 11

KATHERINE B. FORREST, District Judge:

This case was randomly reassigned to me on November 8, 2011 from the Hon. Denise L. Cote, pursuant to this District's Rules for the Division of Business Among District Judges governing the assignment of cases to new District Judges. On November 14, 2011, counsel for Plaintiffs submitted a joint letter with counsel for Defendant, UMG Recordings, Inc. ("UMG"), stating that it would be appropriate for me to recuse myself from this case. The Court construes the letter as a motion for judicial disqualification. As discussed below, under the circumstances here, disqualification is not warranted and would be inappropriate. Accordingly, the motion is DENIED.

## BACKGROUND

As stated above, the above-captioned action was transferred to me on November 8, 2011. On November 9, 2011, the parties conferred telephonically with my law clerk regarding the trial schedule for this matter. On that call, counsel for UMG raised my prior representation of UMG in <u>Arista Records, LLC et al. v. Lime Wire et al.</u>, No. 06 Civ. 5936 ("<u>Lime Wire</u>"), as well as my prior legal work on matters involving the digital recording industry. My law clerk informed the parties that I had already reviewed this case, had noted that UMG is a party in this matter and did not believe that my prior representation of UMG in <u>Lime Wire</u> required recusal. My law clerk informed the parties that if either of them believed that my work in <u>Lime Wire</u> warranted recusal, they should submit a letter setting forth any asserted bases.

On November 14, 2011, I placed an entry on the docket stating:

> The parties are informed that from August 2006 through January 2010, Judge Forrest was one of the attorneys representing UMG Recordings, Inc. in Arista Records LLC, et al. v. Lime Wire LLC, 06 Civ. 5936, a peer-to-peer copyright infringement action. Judge Forrest's active participation in that matter ended when summary judgment motions were fully submitted on January 8, 2010. Judge Forrest no longer served as counsel of record for UMG Recordings, Inc. as of May 12, 2010. She has not represented UMG Recordings, Inc. since that time.

That same day, the parties submitted a joint letter, stating that they "believe that recusal in this case is appropriate" based upon my prior representation of UMG in <u>Lime Wire</u>, as well as my "representation of other record companies" in <u>Chambers v. Time Warner Inc.</u>, 282 F.3d 147 (2d Cir. 2000) ("<u>Chambers</u>"). The parties argued that based upon my "previous representations" and "the fact that the previous actions and this case share a commonality of legal issues with respect to digital issues," "recusal in this case is appropriate." The parties did not cite to any statute or caselaw in support of their request for recusal, and did not file an affidavit in support of their request.

## LEGAL STANDARD

The test for recusal under 28 U.S.C. § 455 is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal[.]" <u>United States v. Lovaglia</u>, 954 F.2d 811, 815 (2d Cir. 1992). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal also is required "[w]here in private practice [the judge] served as lawyer <u>in the matter in controversy</u>, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has

been a material witness concerning it." 28 U.S.C. § 455(b)(2) (emphasis added). "The prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal." Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978); see also Lovaglia, 954 F.2d at 815 ("A judge's prior representation of one of the parties in a proceeding . . . does not automatically warrant disqualification."). Nor does a judge's prior experience in the pertinent area of law justify recusal. See, e.g., Cipollone v. Liggett Grp., Inc., 802 F.2d 658, 659 (3d Cir. 1986). Where the standards governing recusal are not met, "disqualification is not optional; rather, it is prohibited." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001); see also In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.")).

## DISCUSSION

Neither my prior representation of UMG in Lime Wire, which ended in relevant part almost two years ago, and of other record companies in Chambers more than ten years ago, nor my familiarity with "digital issues" in the recording industry make recusal necessary or appropriate under 28 U.S.C. § 455.

4

As I previously informed the parties, my representation of UMG in Lime Wire effectively ended nearly two years ago. I represented a number of record companies in Lime Wire, of which UMG was merely one. The issues in Lime Wire had nothing to do with the issues raised in this case. Although my representation of UMG in Lime Wire spanned several years, I dealt with counsel for UMG infrequently, I did not personally review any UMG documents in connection with my representation, I never visited any UMG office or met with any UMG executive at any point during that representation, and I did not prepare or defend any UMG personnel for any deposition or proceeding. Furthermore, neither prior to nor following that engagement have I had any ongoing personal relationships with any individual (including legal counsel) employed by UMG. Accordingly, my representation of UMG in Lime Wire does not come close to meeting any principle or standard suggesting that recusal would be appropriate—let alone required.

The argument is even weaker for recusal based upon my representation more than ten years ago of certain Warner Music Group record labels (who are not parties to this litigation) in the Chambers matter. While I did argue an appeal on behalf of all the record companies who had participated in that litigation, I did not represent UMG in the proceedings generally.

I find particularly unfounded counsel's argument that recusal is appropriate because this case and "previous cases" (in which I was counsel of record) share a "commonality of legal issues with respect to digital issues." There is no basis to believe my "impartiality might reasonably be questioned" simply because I am knowledgeable about certain aspects of the record industry or digital music issues more generally. See 28 U.S.C. § 455(a). Indeed, "[i]f judges could be disqualified because their background in the practice of law gave them knowledge of legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could be appointed to the bench." Cipollone, 802 F.2d at 659-60.

## CONCLUSION

For the aforementioned reasons, the parties' request for recusal is DENIED.

SO ORDERED:

Dated:   New York, New York
         November 16, 2011

                                    /s/ Katherine B. Forrest
                                    KATHERINE B. FORREST
                                    United States District Judge